IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LOWELL DEQUINCY GREEN, TDCJ-CID No. 518622, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:24-CV-215-Z-BR |
| TARRANT COUNTY SHERIFF'S DEPUTY ZOMPER, *et al.,* | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT AS THREE STRIKES BARRED**

This is a civil rights action brought by Lowell Deuincy Green, also known as Lowell Quincy Green, a Texas inmate appearing *pro se*, against state employees pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined in the Telford Unit of TDCJ in New Boston, Texas. While incarcerated, Plaintiff has filed at least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff has neither paid the filing fee nor filed an application to proceed *in forma pauperis.* His current Complaint (ECF 3) does not indicate that he is under imminent danger of serious physical injury. Therefore, it is recommended that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

The Prison Litigation Reform Act precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district

1

court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*.

A prisoner is barred from proceeding *in forma pauperis* if he is subject to the "three-strike" provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997).

A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff is a habitual filer who has had numerous prior actions dismissed with prejudice as frivolous or for failure to state a claim. *See Green v. United States of America, et al.*, No. 4:18-CV-01927 (S.D. Tex. Sept. 18, 2019 (dismissed as frivolous); *Green v. Pitman, et al.*, No. 4:18-CV-03975 (S.D. Tex. Oct. 24, 2018) (same); *Green v. Cooper, et al.*, No. 6:16-CV-01260-RC-KNM (E.D. Tex. Aug. 14, 2018) (dismissed for failure to state claim upon which relief may be granted); *Green v. State of Tex. Gov't, et al.*, No. 17-50165 (5th Cir. Nov. 27, 2017) (appeal dismissed as frivolous); *Green v. State of Tex., et al.*, No. 6:17-CV-092-ADA (W.D. Tex. May 18, 2017) (dismissed as frivolous); *Green v. State of Tex. Gov't, et al.*, No. 6:16-CV-424-ADA (W.D. Tex. Feb. 13, 2017) (same); *Green v. Sapin, et al.*, No. 7:16-CV-00014-O (N.D. Tex. Feb. 24, 2016) (same); *Green v. Stephens*, No. 4:15-CV-3257 (S.D. Tex. Nov. 5, 2015) (dismissed for

failure to state claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii)).[1] Therefore, under the three–strikes rule, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff fails to meet the very limited exception that he was under imminent danger of serious physical injury when he filed this lawsuit. Plaintiff's Complaint appears to deal with the circumstances surrounding his arrest. He has not claimed imminent danger, nor has he provided facts indicating that he is in imminent danger.

## RECOMMENDATION

For the above reasons, it is the recommendation of the undersigned that the complaint filed by Plaintiff be dismissed as barred by the three strikes provision of 28 U.S.C. § 1915(g). This

---

[1] Numerous courts have recognized Green's three–strike status and dismissed on that basis when he failed to show imminent danger of serious bodily injury. *See, e.g., Green v. USA*, No. 6:21-CV-00716-ADA (W.D. Tex. July 15, 2021); *Green v. Pitman*, No. 6:21-CV-00664-ADA (W.D. Tex. June 29, 2021); *Green v. USA*, No. 6:21-CV-00647-ADA (W.D. Tex. June 24, 2021); *Green v. Pitman*, No. 6:21-CV-00618-ADA (W.D. Tex. June 18, 2021); *Green v. Gimble, et al.*, No. 6:21-CV-105-ADA (W.D. Tex. Feb. 2, 2021); *Green v. Boyle*, No. 3:20-CV-03654-G-BN (N.D. Tex. Jan. 8, 2021); *Green v. Lumpkin, et al.*, No. 4:20-CV-04203 (S.D. Tex. Dec. 17, 2020); *Green v. McLennan Cnty. Jail, et al.*, No. 4:20-CV-04164 (S.D. Tex. Dec. 8, 2020); *Green v. Lumpkin, et al.*, No. 4:20-CV-3954 (S.D. Tex. Dec. 3, 2020); *Green v. McClennan Cnty. Jail – Med. Dep't, et al.*, No. 4:20-CV-03949 (S.D. Tex. Nov. 20, 2020); *Green v. Univ. of Tex. Med. Branch, et al.*, No. 4:19-CV-04635 (S.D. Tex. Dec. 2, 2019); *Green v. Tarrant Cnty. Dist. Attorney, et al.*, No. 4:19-CV-00774-P (N.D. Tex. Sept. 30, 2019); *Green v. Tarrant Cnty. Dist. Attorney, et al.*, No. 4:19-CV-00714-O (N.D. Tex. Sept. 10, 2019); *Green v. Yeakel, et al.*, No. 1:19-CV-00584-FM (W.D. Tex. June 13, 2019); *Green v. Bennett, et al.*, No. 3:19-CV-00067-L-BT (N.D. Tex. May 21, 2019); *Green v. United States of America, et al.*, No. 1:19-CV-00485-LY (W.D. Tex. May 14, 2019); *Green v. Mitchell*, No. 3:19-CV-00016-C-BH (N.D. Tex. Jan. 23, 2019); *Green v. Parkland Mem'l Hosp., et al.*, No. 3:18-CV-03403-B-BH (N.D. Tex. Jan. 18, 2019); *Green v. The Dep't of Correction*, No. 3:18-CV-02118-B-BT (N.D. Tex. Jan. 18, 2019); *Green v. Pitman, et al.*, No. 6:19-CV-00018-ADA (W.D. Tex. Jan. 18, 2019); *Green v. Davis, et al.*, No. 3:18-CV-03309-B-BN (N.D. Tex. Jan. 10, 2019); *Green v. Love, et al.*, No. 6:18-CV-00513-TH-KNM (E.D. Tex. Jan. 8, 2019); *Green v. Love, et al.*, No. 6:18-CV-00472-TH-KNM (E.D. Tex. Jan. 7, 2019); *Green v. Mitchell*, No. 3:18-CV-00346-ADA (W.D. Tex. Nov. 26, 2018); *Green v. Stone, et al.*, No. 5:18-CV-01094-DAE (W.D. Tex. Oct. 18, 2018); *Green v. Tex. Parole Bd.*, No. 3:18-CV-02556-K-BK (N.D. Tex. Oct. 15, 2018); *Green v. Tex. Bd. of Pardons & Paroles, et al.*, No. 6:18-CV-00259-RAS-JDL (E.D. Tex. Aug. 10, 2018); *Green v. United States of America, et al.*, No. 4:18-CV-02435 (S.D. Tex. July 17, 2018); *Green v. Univ. of Tex. Med. Branch, et al.*, No. 6:18-CV-00022-RAS-JDL (E.D. Tex. June 28, 2018); *Green v. USA*, No. 6:17-CV-00235-ADA (W.D. Tex. Sept. 14, 2017); *Green v. State of Tex., et al.*, No. 6:17-00226-ADA (W.D. Tex. Aug. 22, 2017); *Green v. Gray, et al.*, No. 6:17-CV-131-ADA (W.D. Tex. May 23, 2017).

recommendation is without prejudice to Plaintiff's right to reopen the case if he pays the $405.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 2, 2024.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS*

*Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).